IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KENNETH J. RICHARDET, )
LESLIE RICHARDET, )
EUGENE B. STURM, )
and VIRGINIA C. STURM, )
)
        Plaintiffs, )
)
vs. ) Case No. 07-cv-0368-MJR
)
MURDALE TRUE VALUE, INC., )
and KEVIN D. HARRISON, )
)
        Defendants. )

## MEMORANDUM AND ORDER

REAGAN, District Judge:

    A.    **Introduction**

This lawsuit arises from a January 2007 vehicular collision that occurred on the Illinois "side" of a bridge spanning the Ohio River between Illinois and Kentucky. Kenneth Richardet and Virginia Sturm were driving separate cars, both traveling north on U.S. Interstate 24. Kevin Harrison, driving a truck owned by Murdale True Value, also was headed east on Route 24. He approached a line of stopped vehicles, collided with Virginia's car, and Virginia's car then struck Kenneth's car.

Virginia, Kenneth and their spouses (collectively, "Plaintiffs") filed a personal injury suit in this Court in May 2007, invoking subject matter jurisdiction under the federal diversity statute, 28 U.S.C. 1332.

On threshold review, the Court solicited additional information regarding citizenship, which confirmed that the parties were completely diverse and the amount in controversy supported the exercise of jurisdiction.

The case is set for trial March 9, 2009, with a final pretrial conference February 27, 2009. The dispositive motion deadline has elapsed. One dispositive motion has been filed and fully briefed: Defendant Murdale's July 18, 2008 "Motion to Dismiss Count IX of Plaintiffs' Amended Complaint for Failure to State a Claim upon which Relief Can Be Granted" (Doc. 33). For the reasons stated below, the Court denies that motion.

B. **Analysis**

Analysis begins with Plaintiffs' July 1, 2008 amended complaint (Doc. 28, "the complaint"). Both Defendants answered the complaint, admitting that venue and subject matter jurisdiction are proper in this Court (*see* Docs. 31, 32). Defendant Murdale, though, moved to dismiss the ninth and final count of the complaint.

Counts I through VIII allege various negligent acts by Harrison in driving the truck (e.g., failing to keep a proper lookout, failing to swerve, slow down or otherwise avoid the accident, etc.) and by Murdale (e.g., failing to maintain the brakes on the truck, permitting its employee – Harrison – to operate the truck without rear brakes, etc.). Count IX alleges a spoliation of evidence claim against Murdale. More specifically, Count IX alleges the following.

After the accident, Murdale had its truck towed to Dave's Auto Body for inspection. Murdale then directed Dave's Auto Body to destroy the truck without

retaining any diagrams or drawings of the truck and without preparing any memoranda or reports containing the results of the inspection (*see* Doc. 28, p. 22). Murdale produced the manager of Dave's Auto Body – Robert Finster – for deposition. Finster (who had not been disclosed in discovery previously) testified that his inspection lead him to believe that the truck brakes failed due to a stress fracture in a backing plate, a fracture which developed over a *short* period of time. At the time of the inspection, Murdale knew that the collision in question had resulted in personal injuries and knew that the truck's defective brakes would be at issue in a potential lawsuit resulting from the collision. Murdale had an obligation to preserve the truck or at least the components of the braking system. Murdale breached that obligation, ordering the destruction of the truck and leaving Plaintiffs no ability to effectively rebut Murdale's contentions as to the cause of the brake failure. This breach warrants the Court prohibiting Murdale from arguing that the failure of the braking system was spontaneous, sudden or unpredictable.

Murdale moves to dismiss Count IX of the complaint, because "plaintiffs have not alleged Murdale acted in bad faith in having the truck destroyed," and "the undisputed testimony in this case establishes Murdale did not act in bad faith," so "plaintiffs have failed to state a claim for spoliation" (Doc. 33, p. 1).

Federal Rule of Civil Procedure 12(b)(6) governs dismissal for failure to state a claim upon which relief can be granted. Dismissal is warranted under Rule 12(b)(6) if the complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face." ***Bell Atlantic Corp. v. Twombly***, – U.S.–, 127 S. Ct. 1955, 1965 (2007);

*EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007).[1]

In deciding whether a complaint passes muster under Rule 12(b)(6), the Court must accept as true all well-pled factual allegations and draw in plaintiff's favor all reasonable inferences. *St. John's United Church of Christ v. City of Chicago*, 402 F.3d 616, 625 (7th Cir. 2007), *cert. denied*, 128 S. Ct. 2431 (2008); *Pisciotta v. Old National Bancorp*, 499 F.3d 629 (7th Cir. 2007). *See also Village of DePue, Illinois v. Exxon Mobil Corp.*, 537 F.3d 775, 782 (7th Cir. 2008).

However, surviving a Rule 12(b)(6) motion "requires more than labels and conclusions;" the allegations must raise a right to relief above the purely "speculative level." *Bell Atlantic*, 127 S. Ct at 1965. And a plaintiff can plead himself out of court by alleging, in his complaint, facts revealing that he has no viable claim. *McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

Murdale maintains that Plaintiffs have failed to state a spoliation claim for two reasons. First, Murdale focuses on cases defining spoliation as the bad faith destruction of evidence relevant to proof of an issue at trial (Doc. 33, p. 3), and makes much of the fact that the complaint here does not include the words "bad faith." Second, Murdale insists that Plaintiffs have pled themselves out of court on the spoliation

---

[1] Additionally, notice pleading governs suits in federal courts, and the lenient pleading standard of Federal Rule of Civil Procedure 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* In other words, the complaint must give the defendant fair notice of what the suit is about and the ground on which it rests. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002); *Mosely v. Board of Education of City of Chicago*, 434 F.3d 527, 533 (7th Cir. 2006).

claim by describing the destroyed evidence (the truck and its braking system) as "positive evidence" rather than "adverse evidence" (Doc. 33, p. 4). The Court rejects both these arguments.

Accepting as true the well-pled allegations of Count VIII and drawing in Plaintiffs' favor all reasonable inferences therefrom, the complaint states a claim for negligent spoliation. Illinois law does not recognize a tort of *intentional* spoliation of evidence but does recognize a tort of negligent spoliation. Negligent spoliation is not treated as an independent tort but rather as a type of negligence. *Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 510 (7th Cir. 2007), *citing Boyd v. Travelers Ins. Co.*, 652 N.E.2d 267, 269-70 (Ill. 1995). So spoliation claims are analyzed like ordinary negligence claims. *Id.*

The elements of a negligent spoliation claim under Illinois law are a duty to protect documents or things, a breach of that duty, causation and damages. *Boyd*, 542 N.E.2d at 270.[2] In the case *sub judice*, Plaintiffs have pled each of these elements – Murdale's duty to protect the truck and its braking systems (knowing of the injuries and the potential lawsuit), Murdale's breach of that duty (destroying the evidence despite that knowledge), causation (a nexus between the destroyed evidence and Plaintiffs'

---

[2] Additionally, because a claim of spoliation is connected to the merits of the underlying suit, a spoliation claim fails if the plaintiff could not prevail in the underlying suit even with the allegedly destroyed evidence. *Borsellino*, 477 F.3d at 510, *citing Gawley v. Ind. Univ.*, 276 F.3d 301, 316 (7th Cir. 2001).

"inability to prove the underlying action"), *see Boyd,* 652 N.E.2d at 272, and damages resulting from the breach.

Although it is true that caselaw discusses a finding of bad faith being necessary for spoliation claim to succeed, *see, e.g, Keller v. United States*, 58 F.3d 1194, 1198 n.6 (7th Cir. 1995), *citing S.C. Johnson & Son, Inc. v. Louisville & Nashville R. Co.,* 695 F.2d 253, 258-59 (7th Cir. 1982), *United States v. Esposito*, 771 F.2d 283, 286 (7th Cir. 1985), *cert. denied*, 475 U.S. 1011 (1986), and *United States v. $94,000 in U.S. Currency*, 2 F.3d 778, 787 (7th Cir. 1993), "bad faith" is not a phrase that must be magically incanted.

The allegations and reasonable inferences here plainly indicate bad faith on the part of Murdale who, while aware of the injuries resulting from the truck colliding with Plaintiffs' vehicles, ordered the truck to be destroyed immediately after inspecting it, without making any records, reports or memoranda of the results of the inspection, thereby preventing any independent analysis of the failed brake system and precluding effective cross-examination and rebuttal of Murdale's theory of the accident.

Similarly unavailing is Murdale's contention that the use of the adjective "positive" (*see* ¶ 9, Count IX) dooms Plaintiffs' spoliation claim. Murdale insists: "Bad faith requires destruction to hide 'adverse information'" (Doc. 30, p. 5), and Plaintiffs' complaint uses the adjective "positive" to describe the evidence at issue here, a fatal error. The Court disagrees.

It is true that the destruction of the evidence must have been "for the

purpose of hiding adverse information." *Rummery v. Illinois Bell Telephone Co.*, 250 F.3d 553, 558 (7th Cir. 2001), *citing Mathis v. John Morden Buick, Inc.*, 136 F.3d 1153, 1155 (7th Cir. 1998). But "adverse" evidence is at issue here, and clumsy or imprecise wording of the complaint does not merit Rule 12(b)(6) dismissal.

It is obvious from the allegations of Count IX that Plaintiffs allege Murdale destroyed evidence (the components of the braking system) that may have undermined or completely gutted the defense theory of why and how the backing plate cracked and caused the brakes to fail. Proof that the backing plate spontaneously and unpredictably failed would be *positive* for the defense, but Plaintiffs allege that the evidence (had they been given a chance to inspect and analyze it) would have shown something quite different – that the crack developed over a longer period of time, which clearly would be *adverse* to the defense. Plaintiffs allege that Murdale's destruction of the evidence precluded them from presenting proof at trial of facts *adverse* to Murdale, rebutting Murdale's defense and supplying needed elements to prove Plaintiffs' negligence claims. The required adversity has been alleged.

Finally, Murdale asserts that Count IX fails to state a spoliation claim, because the destruction of the evidence has <u>not</u> prevented Plaintiffs from proving their underlying negligence claims. Murdale urges the Court to consider the fact that – unlike the plaintiff in *Boyd* – Plaintiffs here were able to retain an expert to opine on the causes of the collision *without* having inspected the truck or the braking system (*see* Doc. 36, pp. 2-3).

It is elementary that this Court may not consider matters "outside the pleadings" on a Rule 12(b)(6) motion. *See, e.g., Loeb Industries, Inc. v. Sumitomo Corp.*, 306 F.3d 469, 478 (7th Cir. 2002); *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002). Thus, in deciding whether Count IX states a claim upon which relief may be granted, the undersigned Judge may not consider other evidence including discovery, depositions, and expert reports, opinions or "testimony" (*see* Doc. 33, p. 1).

Stated simply, Plaintiffs' allegations rise above the purely speculative, the complaint sets forth "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic*, 127 S. Ct. at 1965, and Count IX passes scrutiny under Rule 12(b)(6).

C. **Conclusion**

For the above-stated reasons, the Court **DENIES** Defendant Murdale's motion to dismiss Count IX of Plaintiffs' amended complaint for failure to state a claim (Doc. 33).

IT IS SO ORDERED.

DATED this 22nd day of October 2008.

s/ *Michael J. Reagan*
MICHAEL J. REAGAN
United States District Judge