IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KENNETH J. RICHARDET, )
LESLIE RICHARDET, )
EUGENE B. STURM, )
and VIRGINIA C. STURM, )
)
          Plaintiffs, )
)
vs. ) Case No. 07-cv-0368-MJR
)
MURDALE TRUE VALUE, INC., )
and KEVIN D. HARRISON, )
)
          Defendants. )

## ORDER on MOTIONS IN LIMINE & FINAL PRETRIAL MATTERS

REAGAN, District Judge:

As stated on the record at the February 27, 2009 final pretrial conference, the Court rules as follows on Plaintiffs' ("¶") and Defendants' ("Δ") motions in limine.

    Δ #1 seeking to exclude evidence of insurance coverage or financial status of any party (Doc. 39): GRANTED as to Defendants' insurance coverage and RULING RESERVED as to the parties' financial status. Prior to soliciting testimony about Defendants' financial status, Plaintiffs' counsel should request a sidebar.

    Δ #2 seeking to prohibit emphasis on Murdale True Value's corporate status (Doc. 40): GRANTED in part & DENIED in part. Defendant Murdale's corporate status is relevant but ought not be emphasized.

    Δ #3 seeking to exclude evidence/argument relating to Kevin Harrison's excessive speed (Doc. 41): DENIED.

    Δ #4 seeking to exclude evidence of "subsequent remedial measures" (Doc. 42): DENIED at this time. The admissibility of this evidence substantially depends on the facts developed at trial and the laying of an appropriate

foundation, rendering a final ruling a this juncture premature.
The Court further notes that Defendants' motion refers to two
components of "subsequent remedial measures:"
(1) Murdale's adoption of new inspection policies and
(2) Harrison's assumption of new job duties.
The motion does not clarify (and the Court cannot ascertain) how
Harrison's changed job duties constitute a "subsequent remedial
measure."
As to new inspection policies adopted by Murdale post-accident, the
Court's ruling will depend on how the evidence is adduced at trial.
For example, if feasibility is denied by Defendants, then certain
subsequent remedial measures may be admissible.

Δ #5 seeking exclude evidence of settlement negotiations
(Doc. 44): GRANTED (without objection by Plaintiff).

Δ #6 seeking to exclude evidence/argument regarding spoliation
of evidence (Doc. 45): DENIED as over broad.

Δ #7 seeking to exclude non-party trial witnesses from the
courtroom (Doc. 47): GRANTED as described at final pretrial
conference (without objection by Plaintiffs).

Δ #8 seeking to exclude evidence of other lawsuits filed against
Defendants (Doc. 48): GRANTED.

Δ #9 seeking to exclude evidence that Harrison lacked a CDL at
the time of the accident (Doc. 49): GRANTED (without objection
by Plaintiffs).

Δ #10 seeking to exclude evidence of dismissed vehicle
enforcement citations (Doc. 50): GRANTED.

Δ #11 seeking to exclude evidence of Harrison's driving record,
including prior accidents (Doc. 51): GRANTED (without objection
by Plaintiffs).

Δ #12 seeking to exclude evidence/argument related to
tire tread depth (Doc. 52): DENIED at this time. The admissibility
of this evidence substantially depends on the facts developed at
trial and the laying of an appropriate foundation, rendering a ruling
at this juncture premature.

Δ #13 seeking to exclude evidence/argument related to lack of vehicle maintenance (Doc. 53): **DENIED at this time**. The admissibility of this evidence substantially depends on the facts developed at trial and the laying of an appropriate foundation, rendering a ruling at this juncture premature.

¶ #1 seeking to exclude evidence/argument that Kenneth Richardet pled guilty to a felony (part of Doc. 55): **GRANTED**. The conviction in question is stale, and its probative value has decreased. Moreover, the probative value does not substantially outweigh the prejudicial effect of this evidence.

¶ #2 seeking to exclude evidence regarding litigation involving the Richardets' pool company (part of Doc. 55): Defendants have no objection to this motion and it is **GRANTED**.

¶ #3 seeking to exclude the fact Plaintiffs' bills were paid by health insurance (part of Doc. 55): Defendants have no objection to this motion and it is **GRANTED**.

¶ #4 seeking to exclude any testimony by Bobby Finster about limited maintenance work performed on truck braking system and his inspection of truck (part of Doc. 55): The Court **TAKES UNDER ADVISEMENT** and reserves ruling on this motion.

¶ motion to compel reports of examining physicians and to limit testimony of Don Vogvodich (Doc. 59): Having heard argument of counsel, the Court **GRANTS** the motion and **DIRECTS** defense counsel to produce the records in question by Wednesday, March 7, 2009. Additionally, the Court **GRANTS** the motion by ruling that Defendants may not introduce testimony, opinions, arguments or discussion regarding Vogvodich's "test drive" of the subject truck or the condition or feel of the brakes. He may testify regarding the oil change he did on the truck in Dec. 2006.

As noted at the February 27th final pretrial conference, *all* motion deadlines have now expired, trial will commence at 9:00 am on Monday, March 9, 2009, the undersigned Judge has set aside 5 days on his docket for this trial to be completed (counsel have assured the Court the trial can be fully presented in that time period), and

the substantive law of Illinois will be applied in this diversity action. *See Camp v. TNT Logistics Corp.*, 553 F.3d 502 (7th Cir. 2009)("As a federal court sitting in diversity, we apply state substantive law and federal procedural law.").

IT IS SO ORDERED.

DATED this 27th day of February 2009.

                                                   s/ *Michael J. Reagan*
                                                 Michael J. Reagan
                                                 United States District Judge