IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KENNETH J. RICHARDET, et al.**,      ) | |
|                                                                )| |
| Plaintiffs,            ) | |
|                                                                )| |
| V.                                                          ) | Civil No. **07-368-MJR** |
|                                                                )| |
| **MURDALE TRUE VALUE, et al.**,      ) | |
|                                                                )| |
| Defendants.         ) | |

**ORDER**

**PROUD, Magistrate Judge:**

The above-captioned action is before the Court post-trial for determination of costs. A jury found that the defendants, Murdale True Value and Kevin D. Harrison, were liable for injuries incurred by plaintiffs Kenneth J. Richardet, Leslie J. Richardet, Eugene B. Sturm and Virginia C. Sturm, and judgment was entered accordingly. **(Docs. 83 and 87).** Pursuant to Federal Rule of Civil Procedure 54(d), plaintiffs, as the prevailing parties, filed their Bill of Costs. **(Doc. 96).** Because the award to the plaintiffs was less than the amount of the defendants' December 11, 2008, offer of judgment, in accordance with Federal Rule of Civil Procedure 68, the defendants filed a Motion for Costs— which also contains a response of sorts to the plaintiffs' Bill of Costs. **(Doc. 97).** After reviewing the parties' competing bills and the parties' respective objections **(Docs. 99 and 100)**, the Court ordered revised bills prepared, setting forth the dates each enumerated cost was incurred. **(Doc. 101).** Plaintiffs submitted a revised bill of costs and a minor revision. **(Docs. 102 and 104).** Defendants also submitted a revised bill. **(Doc. 103).** The parties filed objections to the revised bills. **(Docs. 105 and 106).**

Plaintiffs seek a total of $2,732.00[1], including costs incurred before and after the December 11, 2008 offer of judgment. Although Federal Rule of Civil Procedure 68 precludes the prevailing plaintiffs from collecting costs after the date of the offer of judgment[2], plaintiffs assert that the offer was invalid. More specifically, plaintiffs read Rule 68 narrowly, requiring individualized offers to each of the four plaintiffs (because all singular nouns are used in the rule). The offer of judgment was made to all four plaintiffs, without any apportionment. **(Doc. 97-2, p. 1).** Obviously, the defendants object to the plaintiffs seeking costs after December 11, 2008, which would bring the amount plaintiffs could recover down to $1,160.35.

The defendants seek $3,608.97 in costs. As noted above, plaintiffs first argue that no valid offer of judgment was made. In the alternative, plaintiffs take issue with several of the enumerated costs, amounting to $2,255.24. More specifically, trial transcripts, fees for exemplification and copies obtained for the case, including x-rays and expenses incurred by a trial consultant who prepared graphic illustrations. If theses costs are deducted from the defendants' bill, the total recoverable costs would be reduced to $1,353.73.

Plaintiffs' argument that there was no valid offer of judgment because defendants did not make an offer to each plaintiff, or otherwise apportion the offer, is not well taken. As a preliminary matter, plaintiffs read Rule 68 far too narrowly. The rule does not preclude a global offer of settlement, or require apportionment. In *Amati v. City of Woodstock*, 176 F.3d 951 (7th

---

[1] Plaintiffs' revised bill requests and their supplemental revision indicate they seek costs totaling $2,590.35. However, the actual total of $1,160.35 (pre 12/11/2008 costs) and $1,571.65 (post 12/11/2008 costs), is $2,732.00. **(Docs. 102 and 104).**

[2] See Fed.R.Civ.P. 68; *Amati v. City of Woodstock*, 176 F.3d 952, 957 (7th Cir. 1999) ("A plaintiff who turns down the offer and then does worse at trial has to pay the defendant's costs (and his own).").

Cir. 1999), the Court of Appeals for the Seventh Circuit read Rule 68 broadly and found that conditioning an offer on acceptance by all plaintiffs is valid. *Id*. **at 958.** Plaintiffs contend that the fact that they were jointly represented prevented their counsel from negotiating or apportioning the offer among his four clients. However, plaintiffs' joint representation is an ethical problem inherent in their electing to have joint counsel, and making individualized offers would do little or nothing to solve that ethical and negotiating dilemma. As explained in *Amati*, when there are multiple plaintiffs there is an incentive to holdout– a problem remedied by demanding a global settlement. *Id.* There was a valid offer of judgment made on December 11, 2008; accordingly, plaintiffs cannot collect costs incurred after that date, bringing the amount plaintiffs could recover down to $1,160.35. Defendants do not otherwise contest plaintiffs' bill of costs; therefore, plaintiffs are entitled to $1,160.35 in costs, to be reimbursed by the defendants.

    With respect to defendants' claimed costs, plaintiffs take issue with defendants claiming the costs of trial transcripts, fees for exemplification and copies obtained for the case, including x-rays and expenses incurred by a trial consultant who prepared graphic illustrations. Plaintiffs cite Federal Rule of Civil Procedure 54(d)– the rule applicable to costs available to the prevailing party– for the proposition that only costs authorized by statute or rule may be taxed by the Court.[3] Plaintiffs apparently looked no further than Rule 54.

    Fees for the transcript obtained for use in the case, as well as fees for exemplification and

---

[3] Plaintiffs also cite "The Federal Rules Handbook 2009 Edition, Rule 54(d)(pg. 1050-1053)" for the proposition that computer assisted legal research, trial consultants who prepare computer animations, videos, power point slides or graphic illustrations are not taxable costs. The Court is unsure which published version plaintiffs are referencing.

copies of papers necessarily obtained for use in the case are taxable costs under 28 U.S.C. § 1920.  For example, in *Majeske v. City of Chicago*, 218 F.3d 816, 825 fn. 3, 826 fn. 4 (7th Cir. 2000), the appellate court approved an award of costs for transcripts used during trial, photocopies and exhibits.   In *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 428 (7th Cir. 2000), it was explained that "exemplification" is defined broadly for purposes of Rule 54(d) and  28 U.S.C. § 1920, so as to include the costs of graphic services employed in preparing charts, photographs, motion pictures and "kindred materials."  Costs for graphic services associated with exemplification were deemed recoverable.  *Id.*  However, the costs must be associated with the "creation," as opposed to mere packaging and display or "glitz."  *Id.*  However, "[s]o long as the means of presentation furthers the illustrative purpose of an exhibit . . . it is potentially compensable as exemplification."  *Id.*   Defendants' costs for the trial transcript ($834.20), trial director, copies of trial exhibits, etc., provided by Innovative Legal Technologies($1,065.04), and x-rays ($356.00) are all within the ambit of 28 U.S.C. § 1920.  There is a presumption in favor of a cost award.  *Cefalu***, 211 F.3d at 427.**  Plaintiffs make no argument that those items were not necessary for trial, or that the charges are unreasonable.  Therefore, all of the costs listed by the defendants will be allowed.   Defendants are entitled to $3,608.97 in costs, to be reimbursed by the plaintiffs.

     **IT IS THEREFORE ORDERED** that, consistent with the above opinion:

    1.     Plaintiffs' bill of costs **(Doc. 102 (as amended by Doc. 104, p. 1))** is **GRANTED IN PART AND DENIED IN PART**; in accordance with Fed.R.Civ.P. 54, plaintiffs are awarded $1,160.35 in costs, to be paid by the defendants; and

    2.    Defendants' bill of cost **(Doc. 103)** is **GRANTED**; in accordance with Fed.R.Civ.P. 68, defendants are awarded $3,608.97 in costs, to be paid by the plaintiffs.

**IT IS FURTHER ORDERED** that the Clerk of Court shall have the record reflect that the parties' original bills **(Docs. 96 and 97)**, which were subsequently amended and thereby superceded.  **(*See* Docs. 102 and 103).**

**IT IS SO ORDERED.**

**DATED: November 18, 2009**

                                                **s/ Clifford J. Proud**
                                                **CLIFFORD J. PROUD**
                                                **U. S. MAGISTRATE JUDGE**